## YONG DEN *v.* H. R. HITCHCOCK.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED DECEMBER 28, 1897.    DECIDED JANUARY 8, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

The rule that each of several counts must be complete in itself is not violated where promises are alleged in several counts and breaches of all the promises are alleged in a separate paragraph at the end of the complaint.

Allegations that a police officer took a sum of money from the person of the plaintiff and placed the sum under the control of the defendant, his official superior and Deputy Marshal, in consideration whereof the defendant promised the plaintiff to pay the same, do not show a cause of action against the defendant officially.

Where money is taken tortiously from a person, he may waive the tort and sue in assumpsit.

### OPINION OF THE COURT BY FREAR, J.

This is assumpsit for $25. The complaint contains three paragraphs. The first is a count for money had and received,

except that the breach is not set forth therein. The second, entitled "Second Count," sets forth more particularly how the money was received, namely, by being taken from the plaintiff's person by a policeman and by him placed in the control of his official superior and Deputy Marshal, the defendant. This paragraph also does not set forth a breach of the promise alleged therein. The third paragraph sets forth that the defendant "not regarding his said several promises and undertakings has not paid the said several sums of money, or either of them," etc.

The defendant demurred upon the following grounds:

"1. That complaint does not state a cause of action.

"2. That it appears by the complaint that defendant received the moneys alleged in his capacity as Deputy Marshal and is sued individually.

"3. That the action is improperly brought in assumpsit."

The District Magistrate sustained the demurrer and the plaintiff appealed to this court.

If either count is good, the demurrer should have been overruled. In our opinion neither count is shown to be bad.

The objection to the first count is that it is incomplete in that it does not show a breach. But a breach is shown, namely, in the third paragraph of the complaint. This is a separate paragraph and was intended to apply to both counts, as is evident from the expressions, "several promises and undertakings," "several sums" and "either of them."

The objection to the second count is that it shows a cause of action against the defendant in his official capacity only, while he is sued individually. There is nothing to show that the defendant rightfully received and retained the money in his official capacity or that he was bound or entitled to hold it or account for it as a government realization or otherwise. It is shown that he received it through a subordinate who took it from the plaintiff and that in consideration thereof he promised the plaintiff to pay it. The allegations that defendant was and is Deputy Marshal and that he received the money through a police officer are immaterial.

The action was properly brought in assumpsit. If a tort was committed, the plaintiff might waive it and bring assumpsit.

The judgment appealed from is reversed and the case remitted to the District Court for such further proceedings as may be proper.

*L. A. Dickey* for plaintiff.

*C. Creighton* for defendant.